**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| LANCE B. ROBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-281-TLS |
| | ) | |
| WEAVER POPCORN COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff, Lance B. Robey, proceeding pro se, has sued his former employer, Weaver

Popcorn Company, Inc. The Plaintiff alleges that the Defendant retaliated against him and

interfered with his attempt to secure leave under the Family Medical Leave Act (FMLA). On

August 17, 2017, the Defendant filed a Motion for Summary Judgment [ECF No. 22]. The

Plaintiff did not respond. October 11, 2017, the Court granted Summary Judgment in favor of the

Defendant [ECF No. 27]. On October 11, 2017, the Clerk entered Judgment [ECF NO. 28]. This

matter is before the Court on the Defendant's Bill of Costs, filed on October 13, 2017 [ECF No.

32] and a Letter from the Plaintiff [ECF No. 34], filed on October 20, 2017.

**BACKGROUND**

In this Letter, the Plaintiff contends that on October 9, 2017, he received via U.S. mail

forwarding to his current address, a notice of Summary Judgment, dated August 17, 2017,

addressed to his prior address. The Plaintiff explains that his sister lives at his previous address.

After contacting his sister, the Plaintiff learned that she has remnants of a "package" from

August 2017, which appears to contain the Defendant's Summary Judgment Motion. The

Plaintiff states that he informed opposing counsel about his current address twice via email, once during a telephone conference, and on the record during his deposition.

As relief, the Plaintiff states that he would like another copy of the Summary Judgment materials in preparation for his upcoming initial consultation with an attorney, and that he would like the Court to give him 45 days to meet with his attorney. He also explains that he does not want to have the case dismissed or pay legal fees, but that he would like to request a trial by jury and seeks punitive damages.

**ANALYSIS**

"'The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.'" *Boner v. Superintendent*, No. 3:15-CV-192, 2015 WL 5098934, at *1 (N.D. Ind. Aug. 31, 2015) (citation omitted). "[I]t is [the plaintiff's] responsibility to keep the Court appraised of any change of address." *Id.*

In this case, though the Plaintiff asserts that he appraised opposing counsel of his address change, the Plaintiff has an independent obligation to timely inform the Court of his change of address, and he did not do so. The Plaintiff states that he moved from his address over one year ago, on or about October 10, 2016. (*see* Pl. Letter 1, ECF No. 34.) However, the Plaintiff did not file his change of address until October 20, 2017.

Accordingly, the Court will not revisit its October 11, 2017, Order regarding the Defendant's Summary Judgment Motion. The Court grants the Plaintiff thirty days to respond to the Defendant's Bill of Costs.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the Plaintiff until November 27, 2017, to respond to the Defendant's Bill of Costs [ECF No. 29], pursuant to 28 U.S.C. §§ 1920 and 1924.

SO ORDERED on October 30, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT