UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LANCE B. ROBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-281-TLS |
| | ) | |
| WEAVER POPCORN COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Lance B. Robey, proceeding pro se, has sued his former employer, Weaver Popcorn Company, Inc. The Plaintiff alleges that the Defendant retaliated against him and interfered with his attempt to secure leave under the Family Medical Leave Act. On August 17, 2017, the Defendant filed a Motion for Summary Judgment [ECF No. 22]. The Plaintiff did not respond. October 11, 2017, the Court granted Summary Judgment in favor of the Defendant [ECF No. 27]. On October 11, 2017, the Clerk entered Judgment [ECF No. 28]. This matter is before the Court on the Defendant's Bill of Costs, filed on October 13, 2017 [ECF No. 29].

**BACKGROUND**

On October 13, 2017, the Defendant, as the prevailing party, filed a Motion for Bill of Costs for $998.46, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, along with a Brief of Law in Support of the Motion [ECF No. 32]. The Defendant seeks $598.46 for the costs of obtaining a deposition transcript and $400.00 for the filing fee incurred in removing this case to this Court.

On October 20, 2017, the Plaintiff filed a Letter to this Court, contending that he did not receive the Summary Judgment paperwork due to a change in his address when he moved residences in October of 2016.[1] He argued that he informed opposing counsel of his change in address.

On October 30, 2017, the Court issued an Order declining to revisit its October 11, 2017, Order regarding the Defendant's Summary Judgment Motion. The Court explained that the Plaintiff "has an independent obligation to timely inform the Court of his change of address, and he did not do so." (Oct. 30, 2017, Opinion and Order 2–3, ECF No. 37.) In its Order, the Court also granted the Plaintiff leave to respond to the Defendant's Bill of Costs. (*Id.* at 3.) On November 29, 2017, the Plaintiff filed a Response.

## ANALYSIS

**A.    Change of Address**

In his Response, the Plaintiff addresses the Bill of Costs by arguing that he did not receive a copy.[2] The Court again reiterates from its October 30, 2017, Order that "[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Boner v. Superintendent*, No. 3:15-CV-

---

[1] The Plaintiff's change of address was docketed on the same day, October 20, 2017 [ECF No. 35].

[2] The Defense declared that it served a copy of Bill of Costs via First Class mail to the Plaintiff. (Bill of Costs 1, ECF No. 29.) In his October 20, 2017, Letter, the Plaintiff argued that "it sounds as if the defense . . . has petitioned to have this case dismissed, and have me ordered to pay [their] legal fees." (Pl.'s Ltr. 2, ECF No. 34.)

192, 2015 WL 5098934, at *1 (N.D. Ind. Aug. 31, 2015) (internal quotations and citation omitted). "[I]t is [the plaintiff's] responsibility to keep the Court appraised of any change of address." *Id.* The Court notes that in his Response,[3] the Plaintiff asserts that he called this Court in mid-June and "apprais[ed] the lady of my change in address." (Def.'s Resp. 1, ECF No. 38.) However, pursuant to the Northern District of Indiana Local Rule 5-4, "[a]ny pleading, motion, brief, affidavit, notice, or proposed order, whether filed electronically or by delivering it to the Clerk, must: (1) be plainly typewritten, printed, or prepared by a clearly legible copying process." A party's "pro se status does not absolve him of following the local rules." *Med. Assur. Co. v. Weinberger*, No. 4:06 CV 117, 2010 WL 4321445, at *1 (N.D. Ind. Oct. 25, 2010); *see also Coleman v. Goodwill Indus. of Se. Wisc., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."). Accordingly, here, the Plaintiff had an obligation to timely provide a written notice of his change of address to the Clerk of Court.

In the remainder of his Response, the Plaintiff argues the merits of his case. He also again argues that he did not respond to the Summary Judgment Motion because he did not receive the paperwork, though he provided opposing counsel with his change of address. The Court has addressed this argument in its October 30, 2017, Order, holding that it is the Plaintiff's obligation to apprise the Court of his change in the address, and the Court will not revisit its Order granting Summary Judgment to the Defendant.

---

[3] This argument was not included in the Plaintiff's October 20, 2017, Letter.

**B.     Bill of Costs**

The Court now turns to the merits of the pending Bill of Costs. First, in response to the Plaintiff's contention that the Defense seeks the recovery of legal fees, the Court notes that the Defense is not seeking to recover attorney fees. Rather, the Defense seeks to recover $598.46 for the costs of obtaining a deposition transcript and $400.00 for the filing fee incurred in removing this case to federal court.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). "The 'prevailing party' is the party who prevails as to the substantial part of the litigation." *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (emphasis omitted). Here, the Court granted the Defendant's Motion for Summary Judgment and directed the Clerk of Court to enter judgment in favor of the Defendant and against the Plaintiff. Accordingly, the Defendant is the prevailing party.

Recoverable costs are specified in 28 U.S.C. § 1920, and include (1) fees of the clerk and marshal; (2) fees of the court reporter for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. There is a presumption in favor of awarding costs to the prevailing party. *Beamon v. Marshall Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005)). District courts have wide latitude in evaluating and awarding costs. *Buffone v. Rosebud Restaurants, Inc.*, No. CIV A 05 C 5551, 2006 WL 3196931, at *1 (N.D. Ill. Oct. 31, 2006)

(citing *Deimer v. Cincinnati Sub-Zero Prods., Inc.,* 58 F.3d 341, 345 (7th Cir. 1995)). However, the Court must carefully examine a prevailing party's bill of costs. *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964). To award costs, the Court must determine that each item is allowable under § 1920, and that the amounts are reasonable and necessary to the litigation. *Deimer,* 58 F.3d at 345.

The Defendant seeks $400.00 for filing fees. Filing fees are properly recoverable by a prevailing party under § 1920(1). 28 U.S.C. § 1920; *Buffone*, 2006 WL 3196931, at *1 (citing *Burda v. M. Ecker Co.,* 2 F.3d 769, 778 (7th Cir. 1993).) Accordingly, the Plaintiff is taxed $400.00.

The Defendant also seeks $598.46 in court reporter attendance and transcript copy fees. "There can be no doubt that deposition transcripts are taxable under § 1920(2) as stenographic transcripts." *Voight v. Subaru-Isuzu Auto., Inc.*, 141 F.R.D. 99, 102 (N.D. Ind. 1992); *see also Reese v. Karl Schmidt Unisia, Inc.*, No. No. 1:07-CV-98-PPS, 2008 WL 3465932, at *2 (N.D. Ind. Aug. 12, 2008) ("Deposition costs (including transcripts) are authorized under § 1920(2)."). "The [C]ourt may tax fees of the court reporter for transcripts 'necessarily obtained for use in the case.'" *Buffone*, 2006 WL 3196931, at *1 (citing 28 U.S.C. § 1920(2)). Transcripts need not be "indispensable" to the litigation to support an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth,* 7 F.3d 636, 645 (7th Cir. 1993). The Seventh Circuit has discussed the need for attorneys to have copies of deposition transcripts in order to adequately prepare for trial. *Boyer v. Arlington Capital LLC*, No. 1:05-CV-129-TLS, 2013 WL 654417, at

*3 (N.D. Ind. Feb. 21, 2013) (citing *SCA Servs., Inc. v. Lucky Stores,* 599 F.2d 178, 181 (7th Cir.1979)).

Here, the Court finds that copies of deposition transcripts were reasonable and necessary in this case. "The burden is on the Plaintiff as the losing party to overcome the strong presumption that these costs are recoverable." *Boyer*, 2013 WL 654417, at *3. The Plaintiff has not met his burden to show why the Defendant's costs were not necessary or reasonable in this case, or otherwise overcome the strong presumption that the Defendant should recover these costs under § 1920. Accordingly, the Court finds that the costs for copies of deposition transcript in the Bill of Costs are recoverable under Rule 54(d), and the Plaintiff is taxed $598.46.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Bill of Costs [ECF No. 29] and DIRECTS the Clerk of Court to tax costs against the Plaintiff in the amount of $998.46.

SO ORDERED on February 26, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT